ELWELL v. SEATTLE SCANDINAVIAN FISH CO. et al

(First Division.   Juneau.   December 4, 1905.)

No. 434a.

1. ATTACHMENT—BOND—DAMAGES—RECOVERY.

In a suit to recover damages on an attachment bond, only those damages flowing from the wrongful issue of the attachment or without sufficient cause can be recovered. *Held,* that expenses and costs incurred in defending the suit on the merits are not so recoverable.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 1292.]

Demurrer to Complaint.

John R. Winn and E. H. McLachlen, for plaintiff.

E. M. Barnes, for defendants.

GUNNISON, District Judge.   This is an action brought by the defendant in a former attachment suit against the plaintiff in that suit and against the sureties on the attachment bond in the former proceeding.   One of the defendants in this action, the Seattle Scandinavian Fish Company, demurs to the complaint upon two grounds:   first, that the complaint does not state facts sufficient to constitute a cause of action; and, second, "that said complaint is ambiguous and uncertain, in this:   that it does not appear what business plaintiff was engaged in at the time complained of in his complaint herein." The sureties on the attachment bond, who are the other defendants in this action, have answered to the complaint, and are therefore not to be considered at this time.

On the argument of the demurrer the defendants relied solely upon the first ground; therefore, only that phase of the demurrer will be examined.   In considering this first ground it becomes necessary to inquire when a defendant in an attachment

suit may maintain an action in damages.   Damages will lie only when an attachment has been issued, and then before the defendant in the suit can recover he must establish the fact that the attachment was wrongfully issued.   The cases hold that fact to be conclusively established by the judgment in the suit in which the attachment issued when the suit is terminated by a finding in favor of the defendant on an issue as to the truth of the facts alleged as a ground for the attachment.   Drake (7th Ed.) § 173; Anvil Gold Mining Co. v. Hoxsie et al., 125 Fed. 725, 60 C. C. A. 492.   And the judgment in favor of the defendant in an attachment suit is also conclusive evidence of his right to actual damages.

Actions of this character fall naturally into two classes: first, where the attachment has been dissolved by a special proceeding before judgment on the merits; and, second, where no special proceeding has been instituted, and the attachment has been permitted to stand until the final determination of the action on the merits.   The allegations of the complaint in this case disclose the fact that it comes within the second classification, and therefore we will consider it from that point of view. While we are not examining the question from the standpoint of the sureties on the bond, we must look somewhat to the bond and the general purpose of the action for damages for light. The right of action in cases of this character does not arise because of the bringing of the suit in which an attachment might issue, unless, perchance, the action is brought maliciously, and then another element enters into the question.   But in a simple action for damages, where the defendant has been successful in the attachment suit, and the only allegation is that the attachment was wrongfully issued, no damages are deemed to accrue if no attachment has actually issued; for were it otherwise, there would be no end to litigation, damage suits would clog the wheels of justice, and no man would dare to commence an action, even in the utmost good faith and for the

best of reasons and authority, lest by some mischance he should fail therein, and be required to answer to a damage suit.

But when the plaintiff in the attachment suit seeks the assistance of the writ of attachment, and takes defendant's property from his custody and control, the element of possible damages arises, and the law says that, if plaintiff has done this wrongfully and without sufficient reason, he shall not only return the attached property, but he shall be liable to defendant for any damages which this wrongful taking of defendant's property shall have occasioned.   To protect the defendant Congress has declared, in section 137 of the Alaska Code of Civil Procedure, that:

"Upon the filing of the affidavit with the clerk, the plaintiff shall be entitled to have the writ of attachment issued as soon thereafter as he shall file with the clerk his undertaking with one or more sureties, in a sum not less than one hundred dollars and equal to the amount for which the plaintiff demands judgment and to the effect that the plaintiff will pay all costs that may be adjudged to the defendant and all damages that he may sustain by reason of the attachment if the same be wrongful or without sufficient cause, not exceeding the sum specified in the undertaking."

It will be noted that the plaintiff undertakes to pay "all damages that he [the defendant] may sustain by reason of the attachment, if the same be wrongful or without sufficient cause." But he undertakes to pay no other damages, and in an action on a bond, as in the case at bar, the defendant in the attachment suit can recover only such damages as the attachment plaintiff undertakes to pay.   The language of the bond on which this action is brought is:

"If the said plaintiff will pay all costs that may be awarded or adjudged to the defendant, and pay all damages that he may sustain by reason of the attachment, if the same be wrongful or without sufficient cause."

The bond follows the language of the statute.   Since the law does not require a bond unless an attachment issues, and

the bond was given and the attachment was issued thereon, it must be taken to have been given for the protection of the defendant against damages arising from the attachment, and from nothing else. The phrase, "Will pay all costs that may be awarded or adjudged to defendant," must be held to be limited by the words that appear later in the same sentence, "that he may sustain by reason of the attachment." Certainly it must be that, or else be without meaning, for the plaintiff is not required in this chapter of the Code, relating to attachments, to give a bond other than for the attachment itself. The costs of the suit on the merits are included by the judgment, and not by the attachment bond.

Plaintiff, then, in his complaint has so far proceeded safely; but we now come to the consideration of the question of the damages which he asks. "Damages to be allowed must on general principles be natural, proximate, and the legal result or consequence of a wrongful act" (Drake on Attachments, § 173), and where it is sought to recover special damages, as in this case, the special damage must be pleaded.

An examination of the allegations of damage in the complaint shows that they fall into four classes: first, traveling and hotel expenses; second, a per diem for such time as plaintiff was detained from his business; third, attorney's fees; fourth, costs and disbursements in the attachment suit. Plaintiff does not specifically allege anywhere in his complaint that these damages or costs or disbursements were awarded, adjudged, or sustained by reason of the attachment. A most careful scrutiny of the complaint discloses them to be the result of the suit itself, on the merits, and not the result of the attachment specifically.

I am of the opinion that defendants' demurrer is well taken, and that it should be sustained. Let an order to that effect issue.